Argued April 3, affirmed April 17, 1957

CARTER *v.* LESTER ET AL

309 P. 2d 1001

*David M. Spiegel,* of Portland argued the cause for appellant. On the brief were Lenske, Spiegel, Spiegel, Martindale & Bloom and Lynn Moore, of Portland.

*Oglesby Young,* of Portland, argued the cause for respondents. On the brief were Koerner, Young, Mc-Colloch & Dezendorf and Oglesby Young and James C. Ingwersen, all of Portland.

Before PERRY, Chief Justice, and ROSSMAN, BRAND and McALLISTER, Justices.

BRAND, J.

The plaintiff Florence Carter brings this action for damages growing out of a collision between the car in which she was riding and a truck owned by the defendant Lester and operated by his driver Duncan. The answer was in substance a general denial. The jury returned a verdict for the defendants, and the plaintiff appeals.

The collision occurred on Northwest Front Street, a four-lane street in the city of Portland. Plaintiff was riding as a passenger in an automobile driven by one W. L. Reed in a northerly direction on said street. The truck of the defendant Lester had been proceeding in a southerly direction on the west side of the street and had been halted, put in reverse and backed eastward across the center lane of the street. Its destination was a loading dock situated on the east side of the street. A collision occurred between the two vehicles when the truck was crosswise in the inside northbound lane of traffic. Contact was between the delivery gate of the truck and the left front of the passenger car.

■■ The assignments of error relate only to instructions given or refused. The plaintiff assigns as error the giving of the following instruction:

"It is the statutory law of this state that the driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety. Whenever the operation of any other vehicle may be affected by such movement, he shall give a proper signal which is plainly visible to the drivers of any such vehicles of the intention to make any such movement. It makes no difference which end of the vehicle is going first, that is, whether the driver is going ahead or is backing up when he is making such movement.

"I instruct you that it is the duty of the driver of a vehicle to maintain a reasonable lookout to ascertain whether or not such movement can be made in safety and to yield the right-of-way to oncoming traffic if such cannot be made safely."

The first paragraph of the above instruction is identical to an instruction requested by the plaintiff. The

second paragraph constituted a proper statement of the rule of law applicable in this case. We find no error.

■ The second assignment of error is based on the refusal to give a requested instruction, the substance of which was given by the court in the instruction quoted supra. The collision in this case occurred between intersections. The requested instruction repeatedly referred to the truck as making "a left hand turn." Such reference is appropriate when cars are approaching each other and one of them turns to the left in front of the oncoming car, but this requested instruction which described the action of the truck as making a left hand turn was unnecessarily confusing. Counsel conceded before the trial court that there was no left hand turn involved. The requested instruction also would have advised the jury that it was the duty of the defendant to exercise a high degree of care, which would have informed the jury that there are degrees of care greater than ordinary care and that the duty of the defendant was measured by such higher degree of care. It is entirely proper for this court in an opinion to refer to the necessity of a high degree of care in making a left hand turn between intersections, especially when we are considering whether the one turning to the left was negligent as a matter of law. We have taken judicial notice of the danger in such movements. *Fisher v. Reilly,* 207 Or 7, 294 P2d 615. Nevertheless the rule to be applied in instructing a jury is what would an ordinarily prudent person have done under the particular circumstances? When the evidence is conflicting the jury decides how much care is required after appraising the circumstances and the seriousness of the risk involved. There is no merit in assignment of error numbered two.

By assignment of error three the plaintiff complains of the giving of an instruction, every portion of which is to be found in a long instruction requested by the plaintiff. The assignment is without merit.

■ By her fourth assignment of error the plaintiff complains of the failure to give a requested instruction, a considerable portion of which was given by the court. The court was warranted, however, in not giving the instruction as requested because it contained the following language:

> "* * * there may be combined and concurrent negligence of two or more persons as the single proximate cause of an accident or injury and each of the persons whose negligence so combines or concurs is equally liable for the whole result. * * *"

Such an instruction given in the pending case would have improperly advised the jury that the driver of the plaintiff's car would be liable equally with the defendant's, if both were negligent. The liability of the driver of the plaintiff's car was not an issue in the case. In view of the instruction given by the court we find no error in the refusal to give the instruction which was requested.

■ The plaintiff assigns as error the failure of the court to give a requested instruction. The instruction as requested again referred to the making of a "left hand turn" and also told the jury as a matter of law that defendant was negligent in failing to maintain a "continuous lookout." To require a driver to maintain a "continuous" lookout in two opposite directions while operating his truck would impose duties for the performance of which human beings are not equipped. No error was committed as asserted in this assignment.

■ After the court had instructed the jury, counsel for plaintiff sought to amend his requested instruction, and asked the court to "excise" the portions of the request dealing with "continuous lookout" and "left hand turn". He said "we all recognized that a left-hand turn was not involved here". Counsel's request to amend his own requested instruction at that stage of the case, and his attempted exception to the failure of the court to give an instruction as orally amended, came too late.

We find no reversible error in this case and the judgment is therefore affirmed.